# CHAPMAN v. POCOCK.

(*Supreme Court of Colorado, Feb. 29th, 1884—Error to the District Court of Lake County.*

1. COSTS—APPORTIONMENT—REVIEW. There were several attachment suits for sums varying from $300 to over $4,000. The attached property was placed in the hands of a receiver and considerable costs incurred in consequence. The suits were dismissed at cost of plaintiffs. The clerk divided the costs of receiver equally between plaintiffs. Motion was made to retax the costs and apportion the costs of the receiver in proportion to the amounts sued for by the respective plaintiffs, which motion was overruled. From the judgment overruling the motion to retax, writ of error was sued out by one plaintiff against defendants.

*Held,* That as the defendants below have no interest in the judgment and are not in any way affected by it, and as the co-plaintiffs, who would have been affected by the allowance of the motion, are not before the Court, no adjudication disturbing the action below can be had.

STONE, J. The only question brought up for review relates to the taxing of costs in the case. The plaintiffs were one of eight different sets of attaching creditors, who brought separate suits against the defendants in the District Court of Lake county. Upon petition of all the plaintiff creditors, a receiver was appointed by the Court to take and dispose of the goods of the defendant firm for the benefit of the creditors. The goods, when seized by the sheriff under the attachment writs, were in the hands of a third party, who intervened in the suits as prior claimant of the property. The suits were afterwards dismissed at the costs of the plaintiffs, according to stipulation, the receiver was discharged, and all the property and proceeds in the hands of the receiver ordered to be paid and delivered to the intervenor. A referee was appointed by the Court to investigate the accounts and doings of the receiver and report his proper compensation, and upon a hearing had upon this report of the referee, and upon exceptions to the report of the receiver, the Court approved the receiver's report and taxed up the costs as follows: The clerk's and sheriff's fees were taxed to each party plaintiff, as the same were incurred by each severally, and the total amount of the fees, costs and expenses of the receiver, as approved by the Court, was divided into eight equal parts, and one eighth of the whole taxed against each of the eight parties plaintiff.

At a succeeding term of the Court, and before another Judge of said Court, defendants moved for final judgment against the plaintiffs for the costs as theretofore allowed and taxed, when a cross-motion was made by the plaintiffs in error herein, to re-tax the costs so as to apportion the costs of the receiver in proportion to the respective amounts sued for by each party plaintiff, instead of taxing an equal portion to each.

The amounts of the several claims sued for, varied from a few hundred to several thousand dollars, that of the plaintiffs in error being $328.80, and the largest of the others being $4,-473.67, and it was claimed by plaintiffs in error to be inequitable that each should be taxed a like amount of the compensation and costs of the receiver.

In respect to the amount of compensation and costs allowed the receiver, which appears to have swallowed up the most of the property that came into his hands, and in respect to the proportion of costs taxed to plaintiffs in error, which greatly exceeded the amount of their entire claim against the defendants, the case certainly presents features of hardship rarely met with in litigation; but there is another feature of the case, a consideration of which, precludes us from interfering to reverse the ruling and judgment of the Court below complained of. Since the property attached passed out of the hands of the defendants, and was adjudged by the Court to go to the intervenor, the plaintiffs dismissing their suit at their own costs, it is evident that a retaxation of the costs would not affect the defendants in the least. The only parties to be affected by such retaxation of costs are the other plaintiffs, the co-plaintiffs of plaintiffs in error, and those parties not having been made parties to the action in this Court, are not before us. In this view it is unnecessary for us to pass upon the question whether, if such co-plaintiffs had been made parties to the *scire facias* herein, this Court would be warranted, upon the case presented by the record, in reversing the ruling of the Court below, and directing a retaxation of the costs, as prayed by the plaintiffs in error. It is sufficient to say that the only parties to be affected adversely by the relief sought herein, are not before us, and hence we cannot review the rulings and judgment of the Court below, in the absence of proper and necessary parties to the action therefor.                              *Judgment affirmed.*